UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

THE 12033 GANDY BLVD UNIT 175 TRUST,
By: Ziferryn Ventures, LLC, Trustee,

    Plaintiff,

v.                                                                                               CASE NO.: 8:21-cv-00536

DEUTSCHE BANK NATIONAL TRUST COMPANY,
As Trustee for Harborview Mortgage Loan Trust
2005-09 Mortgage Loan Pass-Through Certificates,
Series 2005-9,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, Deutsche Bank National Trust Company, As Trustee for Harborview Mortgage Loan Trust 2005-09 Mortgage Loan Pass-Through Certificates, Series 2005-9, ("DBNTC") hereby gives notice of removal of this action from the Circuit Court of the Sixth Judicial Circuit in Pinellas County, Florida (the "Sixth Judicial Circuit"), to the United States District Court for the Middle District of Florida.

Removal is based upon 28 U.S.C. § 1332(a)(1), and the procedural requirements for removal have been satisfied.

As grounds for removal, the Trustee states the following:

1.    On or about August 11, 2020, Plaintiff filed its Complaint in the Circuit Court of the Sixth Judicial Circuit against DBNTC (the "Complaint") under Case No. 20-3796-CI (the "State Court Action").

2.    The Complaint is an action based on erroneous fraud claims stemming from a 2004 mortgage loan made to non-party Ping Xu. Plaintiff asserts causes of action for "declaratory relief"

to quiet title (Count I) and violation of the Civil Remedies for Criminal Practices Act (Count II), which is akin to a RICO claim. *See Horace-Manasse v. Wells Fargo Bank, N.A.*, 521 Fed. Appx. 782, 784 (11th Cir. 2013) ("The Florida RICO Act makes it 'unlawful for any person ... [e]mployed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of criminal activity....'") (citing Fla. Stat. § 772.103(3)).

## Removal Under 28 U.S.C. § 1332(a)(1)

3.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because complete diversity of citizenship exists between Plaintiff and DBNTC and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.  Complete diversity of citizenship exists between Plaintiff and DBNTC because they are citizens of different states. For purposes of diversity jurisdiction, Plaintiff is a New Mexico LLC, and its members are residents of and domiciled in Florida. DBNTC is a national banking association organized under the laws of the United States with its main office pursuant to its Articles of Association in Los Angeles, California, and its principal place of trust administration in Santa Ana, California.

5.  The aggregate amount in controversy exceeds the jurisdictional minimum of $75,000.00, although DBNTC denies that Plaintiff is entitled to recover any amount.

6.  When, as here, a plaintiff omits to plead a particular amount in controversy, a defendant need only show by a preponderance of the evidence that the amount plaintiff seeks to recover exceeds $75,000. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007).

7.  Throughout its papers filed in the State Court Action, Plaintiff acknowledges that the amount in controversy exceeds $75,000.00. For example, in Plaintiff's Motion for Final Summary Judgment After Default Plaintiff sought damages of $894,300. Plaintiff also obtained

an amended final default judgment after default in its favor in the amount of $894,300.00 on December 4, 2020.[1]

### Venue

8. The United States District Court for the Middle District of Florida embraces the county in which the State Court Action is now pending, and, thus, this Court is the proper District Court to which this case should be removed. *See* 28 U.S.C. §§ 1441(1), 1446(a).

### Timeliness of Notice of Removal

9. Plaintiff has not properly served a copy of the Complaint upon DBNTC. Rather, Plaintiff erroneously attempted to serve process on CT Corporation ("CT Corp") on August 13, 2020, a company that is not DBNTC's registered agent for accepting service of process and is not otherwise authorized by DBNTC to accept service on its behalf. As such, the purported service of process on CT Corp did not effectuate service of process on DBNTC.

10. The time for filing a notice of removal is only triggered by proper service of process. *See, e.g., Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999) (holding that the 30-day period to remove a case to federal court is triggered by the simultaneous service of the summons and complaint, not by mere receipt of the complaint unattended by any formal service); *City of Clarksdale v. BellSouth Telecomm., Inc.*, 428 F.3d 206, 210 n.6 (5th Cir. 2005) ("For a federal district court to have jurisdiction over a case removed from state court, the state court must first have jurisdiction. For this reason, we look to state law to verify that service of process effectively brought the defendant within the state court's jurisdiction.") (internal citations omitted); *Tejada v. P&G Co.*, 2013 WL 12383475, at *2 (S.D. Fla. July 18, 2013) ("[I]n the

---

[1] Plaintiff's Motion for Final Summary Judgment After Default and the Amended Final Judgment After Default in the State Court Action, along with all other papers from the State Court Action, are attached hereto as **Exhibit B**.

absence of proper service of process on Defendant, the clock on Defendant's ability to remove has not started[.]").

11.    Indeed, the Middle District of Florida and the Northern District of Florida Court have already denied motions to remand in similar cases filed by Plaintiff's counsel, Lee Segal, and his colleagues against DBNTC. *See, e.g., 3417 70th Glen East Land Trust v. Deutsche Bank Nat'l Trust Co.*, No. 8:20-cv-03090-VMC-AEP, (M.D. Fla. Feb. 22, 2021) (Doc. #32); *Decoursy v. Deutsche Bank Nat'l Trust Co.*, No. 5:21-cv-14-TKW-MFJ (N.D. Fla. Feb. 18, 2021) (Doc. # 16); *2950 Summer Swan Land Trust, by Blackrock Asset Management, LLC, as Trustee v. Deutsche Bank National Trust Co.*, No. 2:21-cv-42-SPC-NPM (M.D. Fla Mar. 1, 2021) (Doc. 31); *Kenny v. Deutsche Bank Nat'l Trust Co.*, No. 2:21-cv-9-SPC-NPM (M.D. Fla Mar. 1, 2021) (Doc. 30); *Quest Systems, LLC v. Deutsche Bank Nat'l Trust Co.*, 2:21-cv-40-SPC-NPM (M.D. Fla Mar. 1, 2021) (Doc. 26); *Weber v. Deutsche Bank Nat'l Trust Co.*, No. 2:21-cv-39-SPC-NPM (M.D. Fla Mar. 1, 2021) (Doc. 24); *Depoalo v. Deutsche Bank Nat'l Trust Co.*, No. 2:21-cv-38-SPC-NPM (M.D. Fla Mar. 1, 2021) (Doc. 29); *Market Tampa Investments, LLC v. Deutsche Bank Nat'l Trust Co.*, No. 2:21-cv-37-SPC-NPM (M.D. Fla Mar. 1, 2021) (Doc. 30).

12.    Accordingly, his notice of removal of action is timely filed pursuant to 28 U.S.C. § 1446(b).

## **State Court Pleadings**

13.    Attached hereto as Exhibit A is the Complaint that was filed in the State Court Action. Attached hereto as Exhibit B are other papers filed in the State Court Action taken from the docket. Exhibits A and B constitute all process, pleadings and orders in the State Court Action of which DBNTC is aware. *See* 28 U.S.C. § 1446(b).

**Notice**

14. DBNTC will provide written notice of the filing of this notice of removal of action to Plaintiff and will file a copy of this notice of removal with the Clerk of the Sixth Judicial Circuit, as required by 28 U.S.C. § 1446(d).

**Signature**

15. This notice of removal of action is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

Based upon the foregoing, this Court has jurisdiction over this matter, and the claims properly are removed to this Court. In filing this notice of removal, DBNTC does not waive, and specifically reserves, all defenses, objections, denials, exceptions, rights, and motions. No statement herein or omission shall be deemed to constitute an admission by DBNTC of any of the allegations of, or damages sought in, Plaintiff's pleadings.

WHEREFORE, DBNTC removes this action from the Sixth Judicial Circuit Court to the United States District Court for the Middle District of Florida.

Dated March 8, 2021.

    Respectfully submitted,

/s/ Drew P. O'Malley
J. Kirby McDonough
Florida Bar No. 79031
Drew P. O'Malley
Florida Bar No. 106551
Spencer Fane LLP
201 North Franklin Street, Suite 2150
Tampa, Florida 33602
Phone: 813-424-3500
Facsimile: 813-405-8904
domalley@spencerfane.com
kmcdonough@spencerfane.com
ecoutu@spencerfane.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 8th day of March, 2021, a true copy of the foregoing has been electronically filed with the Clerk of Court through the CM/ECF E-Filing Portal and served on all counsel of record via transmission of Notices of Electronic Filing generated by the E-Filing Portal, to the following:

Lee Segal
Segal & Schuh Law Group, P.L.
18167 U.S. Highway 19 North, Ste 100
Clearwater, Florida 33764
lee@segalschuh.com
maria@segalschuh.com

/s/ *Drew P. O'Malley*
*Attorney*